## Commonwealth *v.* Logan, Appellant.

Argued April 18, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Mervyn R. Turk,* First Assistant Defender, for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney, with him *Ralph B. D'Iorio,* Assistant District Attorney, *Paul R. Sand,* First Assistant District Attorney, and *Jacques H. Fox,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 24, 1967:

On October 13, 1954, Thomas L. Logan, represented by able counsel, and in open court, pleaded guilty generally to the charge of murder. The Court heard testimony and fixed the degree of guilt at first degree murder and sentenced the defendant to life imprisonment in the penitentiary for the eastern district of Pennsylvania.

On May 31, 1966, Logan filed a petition under the Post Conviction Hearing Act averring that his plea of guilty had been unlawfully induced, that a confession used in the determination of the degree of guilt had not been voluntarily made, and that there had been no independent hearing to determine the voluntariness of the confession. The lower court dismissed Logan's petition without a hearing. Logan complains that he was entitled to a hearing and has appealed to this Court.

The record reveals that a hearing on the petition would have been as useless as a parade of phantoms in an empty hall. When Logan's confession was presented at trial, neither he nor his counsel protested that the confession was involuntary or that it lacked any of the qualities of a spontaneous, unpersuaded admission of crime. Indeed, all his signed confessions stated that they were deliberate and intentional.

Logan's petition claimed that his conviction and sentence were illegal because of alleged double jeopardy,

unconstitutional suppression of evidence, unlawful arrest, and other vague generalities, all of them as bare of substance as an immaterial prehistoric bone whitening on the desert of vacuous irrelevance.

He stated specifically in his petition that he did not understand what he was doing when he pleaded guilty and that he was urged into doing so by his counsel who failed to inform him that he had the right to be tried by a jury. The record rises like an inundating tide to dissolve the footprints of his bold but naked assertions. After the arraignment clerk asked the defendant how he pleaded, guilty or not guilty, the following ensued: "The Defendant: I wish to plead guilty. The Clerk: Guilty of what? The Defendant: Of murder generally. If it had not been for me— The Court: What is that? The Clerk: He pleads guilty to murder generally. The Court: All right. Mr. Pappano: May I ask the defendant to sign his name under the plea here on the indictment? The Court: Yes, he may be required to sign his name pleading guilty. Mr. McGoldrick: If your honor please, may I state for the record at this time before the defendant that I have fully advised him of his rights, that we are prepared to go to trial, but that the defendant has advised me that he wishes to enter this plea of his own free will and accord. The Court: Yes, I am glad you made that statement on the record. In other words, this is of the defendant's own volition? Mr. McGoldrick: Yes, sir."

Incidentally, the defendant confessed on three different occasions to his guilt. At the time of the second confession he was asked: "Thomas, before we go any further with this statement, has anyone abused you, promised you anything, or threatened you in any way to make this statement, or do you make it of your own free will, and have I advised you of your constitutional rights?"

He replied: "A. I have been advised of my rights and I am making this statement of my own free will. Q. After you have made this statement and read it and if it is the truth as you have told it will you be willing to sign it? A. Yes, I will."

Short of chiseling out a statement in stone, it is difficult to conjure up a situation where a defendant more clearly displayed his willingness to confess.

The defendant, understandably, would like to pluck from the tree of his crime, the fruit of liberation but it cannot mature under the dim light of the claims contained in his petition.

The record speaks, as the murdered victim cannot speak, and it drowns out the shallowness of the assertions he vainly makes in his meritless petition.

Affirmed.

Mr. Justice ROBERTS concurs in the result.